IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GEORGE JOSHUA HERRERA,**
as personal representative of the
**WRONGFUL DEATH ESTATE
OF GEORGE HERRERA,**
and on his own behalf, and
**CRYSTAL SENA,**

    Plaintiffs,

v.                                                                                  Cause No. 1:21-CV-465 SCY-LF

**THE VILLAGE OF ANGEL FIRE
And MARK FITCH, in his individual
Capacity,**

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

**COME NOW** Defendants The Village of Angel Fire and Mark Fitch by and through undersigned counsel (Brennan & Sullivan, P.A.), and for their Answer to Plaintiff's Second Amended Complaint state as follows:

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 of the Complaint.

3. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint allege conclusions of law, not facts, to which no response is required.

7. The allegations contained in paragraph 7 of the Complaint allege conclusions of law, not facts, to which no response is required.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint but deny liability.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants reassert their answers to paragraphs 1 through 11 of the Complaint, as if fully stated herein.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint but would affirmatively state that he had one year from date of hire to obtain certification pursuant to NMSA § 29-7-6 B.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint allege conclusions of law, not facts, to which no response is required.

18. Defendants deny the allegations in paragraph 18 of the Complaint with the exception that they admit that a private citizen called Defendant Fitch on his personal cellphone and reported the fire in Angel Fire in the early morning hours of May 5, 2019.

19. Defendants admit the allegations contained in paragraph 19 of the Complaint.

20. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24. Referencing paragraph 24 of the Complaint, Defendants admit that Office Fitch described Herrera as "broken" and that Herrera had been in an oil fire, defendant denies the remaining allegations contained therein.

25. Referencing paragraph 25 of the Complaint Defendants admit that Mark Fitch is 6'1 and 225 lbs.; however, defendants are without information and knowledge sufficient to form a belief as to the remaining allegations contained therein.

26. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Complaint.

30. Defendants admit the allegations contained in paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Referencing paragraph 37 of the Complaint, Defendants admit that Fitch did not use any de-escalation techniques but affirmatively state that given the circumstances there was no time.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants admit the allegations contained in paragraph 40 of the Complaint.

41. Defendants admit the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants admit that Mrs. Herrera's body was found in the family home. Defendants are without knowledge or information to form a belief as to the remaining allegations contained therein.

47. Defendants reassert their answers to paragraphs 1 through 46 of the Complaint, as if fully stated herein.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants admit the allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint allege conclusions of law, not facts, to which no response is required.

52. Defendants admit the allegations contained in paragraph 52 of the Complaint; however, defendants would affirmatively state that the shooting of Mr. Herrera was justified.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants reassert their answers to paragraphs 1 through 55 of the Complaint, as if fully stated herein.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants reassert their answers to paragraphs 1 through 60 of the Complaint, as if fully stated herein.

62. The allegations contained in paragraph 62 of the Complaint allege conclusions of law, not facts, to which no response is required.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. The allegations contained in paragraph 71 of the Complaint allege conclusions of law, not facts, to which no response is required.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants reassert their answers to paragraphs 1 through 80 of the Complaint, as if fully stated herein.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants reassert their answers to paragraphs 1 through 85 of the Complaint, as if fully stated herein.

87. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 87 of the Complaint.

88. Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 88 of the Complaint.

89. The allegations contained in paragraph 89 of the Complaint allege conclusions of law, not facts, to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiffs' injuries and damages were the result of the acts of George Herrera, thereby barring the relief requested or reducing it some percentage extent depending upon the degree of fault apportioned to George Herrera.

### THIRD DEFENSE

Plaintiffs' Complaint for damages is limited pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

### FOURTH DEFENSE

Some or all of the Plaintiffs' causes of action are barred and Defendant has been conferred immunity from suit pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27.

### FIFTH DEFENSE

Defendant is immune from suit.

### SIXTH DEFENSE

Defendant's actions were privileged.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of assumption of the risk.

**EIGHTH DEFENSE**

Plaintiffs' claim for punitive damages is barred by the Constitution of the United States of America, the Constitution of the State of New Mexico, and the New Mexico Tort Claims Act.

**NINTH DEFENSE**

Plaintiffs are not entitled to punitive or compensatory damages or pre and post-judgment interest on their New Mexico constitutional claim as these remedies are unavailable pursuant to New Mexico statutory and common law.

**TENTH DEFENSE**

Based upon allegations contained in the Complaint, the Defendants are entitled to qualified immunity.

**WHEREFORE**, Defendant requests that Plaintiffs' Complaint be dismissed with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ James P. Sullivan*
James P. Sullivan
Christina L. G. Brennan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
jamie@brennsull.com
christina@brennsull.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of June, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Ms. Jamison Barkley
Law Office of Jamison Barkley, LLC
316 Garfield Street
Santa Fe, NM  87501
(505) 995-9602
jamison@jamisonbarkley.com
    *and*
Dorie Biagianti Smith, Esq.
Dorie Biagianti Smith Law, LLC
310 Garfield Street
Santa Fe, NM  87501
505-983-9601
dbiagiantismith@lawyer.com
*Attorney for Plaintiffs*

By:    */s/ James P. Sullivan*
        James P. Sullivan