IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE JOSHUA HERRERA, as personal
representative of the WRONGFUL DEATH ESTATE
OF GEORGE HERRERA, and on his own behalf, and
CRYSTAL SENA,

     Plaintiffs,

v.                                                                      1:21-cv-00465-SCY-LF

THE VILLAGE OF ANGEL FIRE
and MARK FITCH, in his individual
Capacity,

     Defendants.

## **ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY**

THIS MATTER comes before the Court on defendant Mark Fitch's Motion to Stay, filed September 9, 2021, which was fully briefed on October 7, 2021.  Docs. 23, 25, 27, 28.  Having read the parties' submissions and being fully advised in the premises, the Court finds that Officer Fitch's motion to stay discovery is well taken and will GRANT it.

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  The Supreme Court repeatedly has emphasized the importance of resolving the issue of qualified immunity early on in the litigation.  *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)).  The defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and the Court recognizes that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity."

*Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted).

Whether an official is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutional rights of which a reasonable official would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the official's conduct. *Harlow*, 457 U.S. at 818. Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See Workman*, 958 F.2d at 336; *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished).

On September 3, 2021, defendants Mark Fitch and the Village of Angel Fire filed a motion for summary judgment based on qualified immunity. Doc. 20. Plaintiffs do not object to a general stay of discovery but would like limited discovery of two non-parties who were present on the night of the incident and in the vicinity when Officer Fitch shot Mr. Herrera. Doc. 25. Plaintiffs argue that "[t]he policies behind staying discovery while the qualified immunity issue is resolved do not support prohibiting Plaintiff[s] from obtaining on the record testimony from two non-party eyewitnesses." *Id.* at 2. I disagree with plaintiffs. The policies behind staying discovery while the qualified immunity issue is resolved do, in fact, support prohibiting plaintiffs from conducting non-party eyewitness depositions.

"The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (internal quotation and citation omitted). "If a Government official is to devote time to

his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed." *Id*.  In *Iqbal*, the Supreme Court explained why discovery is stayed for all parties and not only for the officers claiming qualified immunity:

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.  Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

556 U.S. at 685–86.  Nonetheless, the Supreme Court has recognized that in some instances limited discovery "tailored specifically to the question of . . . qualified immunity" may be necessary.  *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

In this case, although the two non-party witnesses are not employees of the Village of Angel Fire and do not enjoy qualified immunity, Officer Fitch should not be required to participate in discovery while the Court determines whether he is entitled to qualified immunity.

Moreover, plaintiffs have not submitted an affidavit pursuant to Rule 56(d) in response to defendant's motion for summary judgment specifying the reasons they need the discovery.  *See* Doc. 29 (Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment); *see also* Doc. 25 at 2 ("Plaintiff[s] will move separately under Fed. R. Civ. P. 56(d) if they need to conduct limited discovery into any 'facts essential to justify [their] opposition' to Defendants' Motion for Summary Judgment (Doc. 20).").  In the Tenth Circuit, a non-movant requesting additional discovery under Rule 56(d) "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)

(alteration in original) (quotations omitted).  "When the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion."  *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotations, brackets, and citations omitted).  Plaintiffs have not submitted an affidavit under Rule 56(d) nor demonstrated a connection between the information sought and Officer Fitch's assertion of qualified immunity.  Finally, adjudication of the pending summary judgment motion might obviate the need for any discovery at all.  Thus, plaintiffs' request for limited discovery is denied.

IT IS THEREFORE ORDERED that defendant Mark Fitch's Motion to Stay (Doc. 23) is GRANTED.  Discovery in this case shall be stayed, as to all parties, pending resolution of Defendants' Motion for Summary Judgment (Doc. 20), or until further order of the Court.

Laura Fashing
United States Magistrate Judge