IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE JOSHUA HERRERA and
CRYSTAL SENA, as co-Personal Representatives
of the WRONGFUL DEATH ESTATE
OF GEORGE HERRERA,

    Plaintiffs,

v.                                                         No. 1:21-cv-465-SCY-LF

THE VILLAGE OF ANGEL FIRE
and MARK FITCH,
in his individual capacity,

    Defendants.

## ORDER DENYING MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court on defendants The Village of Angel Fire and Mark Fitch's Motion to Compel Plaintiffs to Fully Comply with Fed. R. Civ. P26(E) and 34. Doc. 88. Plaintiffs filed their response May 1, 2023, and defendants filed a reply on May 15, 2023. Doc. 103; Doc. 111. Having considered the parties' briefing, the Court finds that the motion is not well taken and DENIES it.

Defendants seek additional production in three categories: photos or videos that plaintiff may seek to introduce at trial; HIPAA releases for Mr. Herrera's medical records; and copies of Mr. Herrera's tax returns for five years before his death. Doc. 88 at 3. Plaintiffs contend, and the Court agrees, that the former two categories are moot and the tax returns are not relevant. Doc. 103.

Plaintiffs have now produced "all photographs and videos they will introduce at trial," including "photos and videos of the scene of the shooting" and "photographs and a

video of Mr. Herrera from other periods in his life." Doc. 103 at 1–2. Defendants' motion is therefore moot on this matter.[1] Likewise, plaintiffs have, in compliance with the Court's earlier ruling, provided defendants with signed HIPAA releases. *Id* at 2; *see also* Docs. 96, 97. Defendants' motion is therefore moot on this matter as well.

Regarding the tax returns: though plaintiffs bring a wrongful death claim, they do not seek damages based on lost income or earning capacity resulting from Mr. Herrera's death. *Id.* at 2; Doc. 88 at 2. Rather, they seek "compensatory damages for the value of [his] life, the loss of enjoyment of life, his pain and suffering before death, and punitive damages." Doc 103 at 2. Mr. Herrera's tax returns are not relevant to these sorts of damages. Defendants contend that Mr. Herrera's "financial circumstances" deserve "a close[] look" if the jury is asked to decide the value of his life. Doc. 88 at 4–5; Doc. 111 at 3. The Court agrees that "[t]he jury may lawfully choose to reject Plaintiff's expert's opinion of the value of Mr. Herrera's life," but disagrees that Mr. Herrera's tax returns have any bearing on this value where plaintiffs do not seek damages based on lost earning capacity. Doc. 111 at 3; *see also Martinez v. Cont'l Tire the Americas, LLC*, 2020 WL 4589792, at *3 (D.N.M. 2020) ("New Mexico law . . . allows damages to be awarded for the value of life apart from earning capacity."); *Morga v. FedEx Ground Package Sys., Inc.*, 2022-NMSC-013, ¶¶ 27, 28, 512 P.3d 774, 786 ("there is frequently no readily identifiable relationship between economic damages and noneconomic damages . . . . Noneconomic damages . . . include the value of life itself."). As the New Mexico Supreme Court observed in *Morga*, "to tie an

---

[1] In their reply, defendants ask the Court "to limit Plaintiffs['] photographs or videos to those actually identified by Plaintiffs." Doc. 111 at 2. To the extent defendants are asking the Court to rule on the admissibility of evidence at trial, Judge Yarbrough will make all such rulings. Defendants certainly will have the opportunity to object at trial if plaintiffs attempt to introduce photographs or videos into evidence that were not produced in discovery.

award of noneconomic damages to Plaintiffs' economic damages . . . is contrary to our existing law and would establish a dangerous policy of, in part, valuing human life based on a person's net worth." 2022-NMSC-013, ¶ 32, 512 P.3d at 787. Because Mr. Herrera's tax returns are not relevant, the Court will not compel plaintiffs to produce them.

    IT IS THEREFORE ORDERED that defendants' Motion to Compel Plaintiffs to Fully Comply with Fed. R. Civ. P. 26(E) and 34 (Doc. 88) is DENIED.

_____
Laura Fashing
United States Magistrate Judge