IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEORGE JOSHUA HERRERA and
CRYSTAL HERRERA SENA, as
co-personal representative of the WRONGFUL
DEATH ESTATE OF GEORGE HERRERA,

    Plaintiffs,

v.                                                                                                  No. 1:21-cv-465-SCY-LF

THE VILLAGE OF ANGEL FIRE
and MARK FITCH, in his individual
capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT AS TO THE REMAINING FEDERAL CLAIM AND DECLINING TO EXERCISE JURISDICTION OVER THE STATE-LAW CLAIMS[1]**

In Plaintiffs' operative complaint, they bring six counts against Defendants Mark Fitch ("Officer Fitch") and the Village of Angel Fire ("Angel Fire"): (I) battery, (II) negligent hiring, training, and supervision, (III) violations of rights guaranteed by Article II, Section 10 of the New Mexico Constitution, (IV) violation of rights guaranteed by the Fourth Amendment to the United States Constitution, (V) wrongful death, and (VI) loss of consortium. Doc. 1-3. In its February 21, 2024 Memorandum Opinion and Order Granting in Part Defendants' Renewed Motion for Summary Judgment, the Court granted summary judgment in Defendants' favor as to Plaintiffs' Fourth Amendment claim (count IV) against Officer Fitch. Doc. 171. In doing so, the Court noted that, because it held that Officer Fitch did not commit a constitutional violation, Plaintiffs' Fourth Amendment claim against Angel Fire likely also fails. *Id.* at 74. Although the

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Doc. 12.

parties extensively briefed whether Officer Fitch violated Mr. Herrera's constitutional rights through the use of excessive force (*see* Doc. 129), they did not brief whether, should the Court resolve this claim in favor of Office Fitch, that ruling would necessarily resolve the *Monell* claim (*see* Doc. 127).[2] As such, under Federal Rule of Civil Procedure 56(f), the Court gave the parties notice of its intent to grant summary judgment on Plaintiffs' Fourth Amendment claim against Angel Fire and an opportunity to respond. Doc. 171 at 73-75. Neither party filed a supplemental brief and their deadline to do so has expired.

Additionally, in its February 21, 2024 Order granting the renewed motion for summary judgment, the Court noted that Defendants moved for summary judgment on Plaintiffs' state-law claims. *See* Doc. 129; Doc. 136 at 19-24. Given the Court's inclination to grant summary judgment on the remaining federal claim (the Fourth Amendment claim against Angel Fire), the Court informed the parties it would be inclined to decline to exercise supplemental jurisdiction over the state-law claims. Doc. 171 at 76-77. As such, the Court took the motion for summary judgment as to the state-law claims under advisement pending a decision on the remaining federal law claim. Thus, the Court will address the remaining federal claim and the state-law claims in turn.

1. **Fourth Amendment *Monell* Claim Against Angel Fire**

In addition to Officer Fitch, Plaintiffs' direct count IV of their operative complaint toward the Village of Angel Fire. They assert that Officer Fitch's alleged use of excessive force against George Herrera was the product of Angel Fire's practice, policy, or custom of failing to

---

[2] Defendants did file a Motion for Partial Summary Judgment focused, in part, on the *Monell* claim. Doc. 127. However, in briefing that motion, the parties argued a different issue—whether Plaintiffs can show a practice, custom, or policy of Angel Fire that caused injuries to Mr. Herrera. Docs. 127, 128, 142, 152.

train and supervise. Doc. 1-3 ¶¶ 72-75. That is, this claim rests on holding Angel Fire responsible for the actions of Officer Fitch. *See* Doc. 142 at 11 ("Plaintiffs' *Monell* claim is based on Angel Fire's failure to train Defendant Fitch.").

Under *Monell v. Department of Social Services of City of New York*, local governing bodies face Section 1983 liability where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690-91 (1978); *see also Quintana v. Santa Fe Cnty. Bd. of Commissioners*, 973 F.3d 1022, 1034 (10th Cir. 2020) ("To state a claim against the County, the plaintiffs must allege facts showing: (1) an official policy or custom, (2) causation, and (3) deliberate indifference."). Generally speaking, however, a "municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). That is, "[a] § 1983 suit against a municipality for the actions of its police officers requires proof that (1) an officer committed a constitutional violation and (2) a municipal policy or custom was the moving force behind the constitutional deprivation that occurred. But without the predicate constitutional harm inflicted by an officer, no municipal liability exists." *Est. of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008) (internal citations omitted); *see also id.* ("To make a prima facie claim for failure to train or supervise in an excessive force case, a plaintiff must demonstrate the officers in question exceeded constitutional limitations on the use of force." (internal quotation marks and citation omitted)); *Rodriguez v. Cache Cnty. Corp.*, No. 21-4068, 2022 WL 2764200, at *3 (10th Cir. July 15, 2022) ("When seeking to hold a municipality liable

under § 1983, a plaintiff ordinarily must demonstrate an underlying constitutional violation by an individual municipal employee.").[3]

Because the Court has now concluded that Officer Fitch did not commit an underlying constitutional violation, Plaintiffs' *Monell* claim also fails. For these reasons, the Court grants in part Defendants' Motion for Partial Summary Judgment (Doc. 127) as to count IV against Angel Fire.

2. **State-Law Claims**

In their renewed motion for summary judgment, Defendants seek summary judgment on Plaintiffs' state-law claims, arguing that they all fail under the reasonableness standard analyzed in relation to the Fourth Amendment claim against Officer Fitch. Doc. 136 at 19-24. Before addressing this argument, the Court considers whether it should decline to exercise supplemental jurisdiction over the state-law claims given that the Court has now resolved all of Plaintiffs' federal claims (count IV against Officer Fitch and Angel Fire).

Upon removal of this action from state court, the Court had original, federal question jurisdiction over the federal claims and supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367; *see also* Doc. 1 ¶ 8 (notice of removal, citing supplemental jurisdiction over the state-law claims). The Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Tenth Circuit has indicated that if, prior to trial, "all federal claims have been dismissed, the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims." *Smith v.*

---

[3] "If a plaintiff chooses to do so, he or she may attempt to show municipality liability 'even in the absence of individual liability by any county actor' when 'the sum of multiple officers' actions taken pursuant to municipal policy results in a constitutional violation.'" *Rodriguez*, 2022 WL 2764200, at *3 (quoting *Crowson v. Washington Cnty.*, 983 F.3d 1166, 1185 n.6 (10th Cir. 2020)). Here, as in *Rodriguez*, Plaintiffs advance no such theory. *See id.*

*City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (emphasis added); *see also Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) (reversing a district court for failing to decline supplemental jurisdiction). Even where the parties have expended considerable effort in litigating the state-law claims in the federal forum, including conducting full discovery, it is appropriate to decline to exercise supplemental jurisdiction because that discovery can be used in state court. *Huntsinger v. Bd. of Dir. of E-470 Pub. Highway Auth.*, 35 F. App'x 749, 759-60 (10th Cir. 2002); *see, e.g.*, *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (affirming a district court decision to decline supplemental jurisdiction after granting summary judgment on the federal claims).

The Tenth Circuit, however, has also indicated that it is appropriate for district courts to decide the state-law claims when resolution of the federal claims "effectively resolves" the state-law claims. *Est. of George v. City of Rifle, Colorado*, 85 F.4th 1300, 1323 (10th Cir. 2023). In this case, given recent guidance from the New Mexico Court of Appeals, the Court does not find that its ruling on the reasonableness of Officer Fitch's conduct under the Fourth Amendment will necessarily resolve all of Plaintiffs' state-law claims, particularly regarding Plaintiffs' battery claim. *See Hernandez v. Parker*, 2022-NMCA-023, ¶ 32, 508 P.3d 947 ("The parties do not propose, and we do not adopt, a specific privilege as a defense to a civil claim of assault and battery brought against a police officer. Nevertheless, the traditional defenses for law enforcement to assert in response to civil assault and battery claims are not the same as the objectively reasonable officer standard that is at the root of Fourth Amendment analysis." (internal quotation marks and citation omitted)); *see also Shaw v. Granvil*, No. CV 14-1078 SCY/KBM, 2016 WL 10267676, at *11 (D.N.M. May 23, 2016) ("[T]he analysis of whether a defendant law enforcement officer committed battery under New Mexico law is different than

5

the analysis of whether that same officer should be held liable for allegedly violating a plaintiff's federal constitutional rights.").

Thus, given that the Court has now resolved all of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. 127) is GRANTED IN PART as to Plaintiffs' Fourth Amendment claim (count IV) against the Village of Angel Fire.

**IT IS FURTHER ORDERED** that because this Order and the Court's prior Memorandum Opinion and Order on the Renew Motion for Summary Judgment (Doc. 171) resolve all of Plaintiffs' federal claims, the Court DECLINES to exercise supplemental jurisdiction over the remaining state-law claims. This matter is remanded to the Eighth Judicial District Court for the State of New Mexico.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE